## Liebfritz v. The Dubuque Street Railway Co.

CORPORATION: LIABILITY FOR MONEY BORROWED BY OFFICER.

*Appeal from Dubuque Circuit Court.*

WEDNESDAY, JUNE 12.

THE petition contains two counts. The first claims to recover on a promissory note alleged to have been executed by the defendant, and the second is for money "had and received" of the plaintiff.

The material allegations of the petition were denied by the answer. Trial to the court and judgment for the plaintiff on the second count of the petition. The defendant appeals.

*D. J. Lenehan,* for appellant.

*Fockler & Longueville,* for appellee.

SEEVERS, J.—There was no finding of facts, and the only assignment of error insisted on in argument by counsel is that the judgment is not sustained by the evidence.

At the time the alleged indebtedness occurred one Griss was defendant's superintendent, and an extension of the road was then being built. The money was borrowed of the plaintiff by Griss, to pay certain indebtedness

of the company, and it was so used. At least the evidence strongly so tended, and the court below must have so found. Certainly there is not such an entire want of testimony on this point as will authorize us to set aside the finding on the ground of passion or prejudice. On the contrary there is a fair preponderance in favor of the finding. Griss testifies he borrowed the money to pay a debt of defendant, and that he so used it. There is nothing except the cash account kept by him which it is claimed contradicts this statement. The court below heard and saw this witness, and had a better opportunity than we can possibly have to determine as to his credibility. There is nothing in the record that will warrant us in saying he did not speak the truth.

Such being the case, the force of the objection that Griss had no authority to contract the indebtedness is greatly broken.

Graves was president, and Rhomberg managing director, of the company. The latter, according to the testimony of both Graves and himself, was invested with all the power and authority of the former, and he exercised such power. Griss testifies he had "full control of the business of the defendant," and Rhomberg testifies Griss had "general supervision of the property." "He collected the regular fare, deposited all money, and paid all bills and employed the men." As to Griss' authority to create debts Rhomberg testifies: "Well, he always made some debts when he hadn't any money." There was a draft on the defendant about due, and Rhomberg states Griss told him he had borrowed the money from some of his workmen, and had paid the draft.

Under these circumstances it is immaterial whether Graves or the other directors had knowledge of the transaction or not. The knowledge of Rhomberg was sufficient. Through him the defendant had the requisite knowledge that the money had been borrowed for and applied to the purposes of the company, and its negligence in subsequently settling with Griss and allowing him for the money so borrowed, if such be true, cannot tend to establish the proposition that the plaintiff should not recover. The true question is, whether the money was borrowed for and applied to the payment of the indebtedness of the defendant. If this be true, the latter is responsible therefor, irrespective of the question whether the defendant has accounted therefor to some one else. Certain it is, the plaintiff never has been paid, and the judgment must be

AFFIRMED.